IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:              )          CASE NO. BK06-80573
                               )
VERNELLE LEE MAGGETT,          )          CH. 13
                               )
            Debtor,            )

MEMORANDUM

      Hearing was held in Omaha, Nebraska, on October 12, 2006, regarding Filing No. 25, Amended Chapter 13 Plan, filed by the debtor, and Filing No. 32, Objection to Confirmation of Plan, filed by SAC Federal Credit Union. John Turco appeared for the debtor and W. Eric Wood appeared for SAC Federal Credit Union. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B) and (L).

      The debtor filed this Chapter 13 case on May 3, 2006. The amended plan now on file provides for a surrender of a motor vehicle in which SAC Federal Credit Union holds a perfected security interest. The plan further provides that, upon surrender of the vehicle, the debtor will make no further payments to SAC Federal Credit Union. In other words, it is the debtor's position that he can surrender the vehicle in full satisfaction of the debt.

      SAC Federal Credit Union has objected to the plan and takes the position that upon surrender of the vehicle to it, the Credit Union will sell the vehicle and should then be allowed to file a claim for any deficiency resulting from the sale of the vehicle bringing less than the total amount of the debt.

      Under the Bankruptcy Code in effect prior to October 17, 2005, the position of the Credit Union would be well taken. However, when Congress amended the Bankruptcy Code effective October 17, 2005, it adopted a paragraph which follows 11 U.S.C. § 1325(a)(9) and which was not provided either a number or a letter for citation purposes. Those courts which have dealt with interpreting the language of this paragraph refer to it as the "hanging paragraph."

      The hanging paragraph states, in relevant part:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period][1] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor . . . .

11 U.S.C. § 1325(a)(9) (2006).

---

[1] The word "period" in brackets has been added here because it appears it was inadvertently left out of the statute.

Under § 1325(a)(5)[2], a debtor with a creditor holding a secured claim can obtain confirmation of a plan if the claim holder agrees, or if the plan proposes to pay the allowed amount of the secured claim, or if the collateral securing the claim is surrendered.

But for the language of the hanging paragraph, the creditor's claim would be determined under 11 U.S.C. § 506(a)(1), which provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

However, for the purposes of this case, the hanging paragraph eliminates the reference to § 506, which leaves the court with the obligation to determine confirmability of a plan by looking at the plan's treatment of the claimant solely under the provisions of § 1325.

There have been only a few published opinions concerning the application of the hanging paragraph to plans which provide for surrender of the collateral in full payment of the debt. Each of those cases, but for one, interpret the statutory language to mean that if the motor vehicle was purchased within 910 days of the petition date, and the debtor desires to keep the vehicle, the debtor must treat the obligation as fully secured and pay the full amount of the debt. On the other

---

[2]Section 1325(a)(5) provides that a plan shall be confirmed if —
. . .
(5) with respect to each allowed secured claim provided for by the plan —
(A) the holder of such claim has accepted the plan;
(B) (i) the plan provides that —
(I) the holder of such claim retain the lien securing such claim until the earlier of —
(aa) the payment of the underlying debt determined under nonbankruptcy law; or
(bb) discharge under section 1328;
. . .

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
(iii) if —
(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
(C) the debtor surrenders the property securing such claim to such holder[.]

hand, if the debtor desires to surrender the vehicle, the debtor may do so in full payment of the debt. Those cases point out that if the claim is deemed to be fully secured for § 1325(a)(5)(B), requiring full payment of the debt over time, the claim must also be determined to be fully secured for § 1325(a)(5)(C) which permits surrender of the vehicle. That conclusion is reached because the hanging paragraph does not differentiate between claim treatment under §§ 1325(a)(5)(B) and (C). Had Congress meant that a debtor who kept the vehicle had to pay the full debt, but the debtor who surrendered the vehicle would still be subject to a deficiency claim, Congress could have easily made that clear. Since it made no such distinction between the two subsections, the claim should be treated the same for each, that is, fully secured. In re Ezell, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) (the "anti-cramdown paragraph" applies to both § 1325(a)(5)(B) and § 1325(a)(5)(C), so the creditor is fully secured regardless of the amount it realizes from liquidation of its collateral upon surrender); In re Payne, 347 B.R. 278 (Bankr. S.D. Ohio 2006) (a plain reading of the "hanging paragraph" shows that it applies to § 1325(a)(5)(C) as well as to (a)(5)(B) and requires the creditor to forego a deficiency claim if the collateral is surrendered and liquidated); In re Sparks, 346 B.R. 767 (Bankr. S.D. Ohio 2006) (following Payne); In re Brown, 346 B.R. 868 (Bankr. N.D. Fla 2006) ("[I]f the debt is fully secured by virtue of the language of the Hanging Paragraph when the debtor retains the collateral in accordance with § 1325(a)(5)(B), then it also must be fully secured upon surrender of the collateral in accordance with § 1325(a)(5)(C).").

In this case, the parties have stipulated that the vehicle was purchased within the 910-day period prior to the petition date. They have further stipulated that the vehicle is worth less than the total amount of the outstanding debt. The debtor has surrendered the vehicle and the Credit Union either has, or soon will, sell the vehicle for less than the debt. The Credit Union insists that, under state law, it has a right to a deficiency claim, notwithstanding the language of the hanging paragraph. Its position is supported by In re Duke, 345 B.R. 806 (Bankr. W.D. Ky. 2006). I respectfully disagree with the conclusion in Duke. It ignores the fact that the hanging paragraph completely eliminates reliance on § 506(a) and ignores the fact that Congress, in adopting the Bankruptcy Code, has overridden a creditor's state law rights and remedies in several places. For example, as the court in Brown stated, "Creditors' rights are curtailed in many ways once a debtor files bankruptcy due to the Bankruptcy Code's provisions regarding the automatic stay, discharge, and distribution of non-exempt assets[.]" 346 B.R. at 876.

As to the argument discussed in Duke and the assertion by the Credit Union in this case that Congress could not have intended to give a "windfall" to the debtor upon surrender of a vehicle, the "windfall," rather than of benefit to the debtor, is probably a benefit to the unsecured creditors. The absence of a deficiency claim in the unsecured class provides the opportunity for the other unsecured creditors to receive more than they would have without application of the hanging paragraph.

I conclude that the debtor may obtain confirmation of a Chapter 13 plan by surrendering the vehicle purchased within 910 days of the petition date and treating the secured creditor as fully secured and having received full payment of the claim by such surrender. Separate order will be entered.

DATED this 19th day of October, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the court to:
    *John Turco
    W. Eric Wood
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.